IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIFFANY SHARPE, individually and
on behalf of all other similarly
situated individuals,                                                OPINION AND ORDER

                        Plaintiffs,                                   09-cv-329-bbc

     v.

APAC CUSTOMER SERVICES, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On January 11, 2009, I granted plaintiff Tiffany Sharpe's motion for conditional certification of the following opt-in nationwide collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216:

> All persons who at any time within the past three years have worked for APAC Customer Services, Inc. as a customer service representative at its facilities in Tucson, Arizona; Tampa, Florida; Cedar Rapids, Iowa; Davenport, Iowa; Utica, New York; Corpus Christi, Texas; Green Bay, Wisconsin; or La Crosse, Wisconsin and were not paid for all hours worked in excess of 40 hours per week.

Dkt. #66. I also allowed defendant APAC Customer Services, Inc. an opportunity to file any objections it may have to the content and method of plaintiff's proposed notice and consent form to potential class members. On January 29, 2010, 10 days after defendant filed its

1

objections, the parties filed a joint motion to stay proceedings in this case to allow them an opportunity to engage in settlement negotiations. I granted that motion on February 1, 2010, ordering a 45-day stay. Dkt. # 71. In a status conference before Magistrate Judge Crocker on March 24, 2010, the parties advised the court that they had not reached settlement. Therefore, I will lift the stay and consider the parties' submissions regarding the proposed notice and consent form. Dkt. ##67 and 69.

As explained below, defendant has raised some valid objections and proposed changes. I have taken them into account in revising the notice and consent form. I will authorize a one-time distribution of the attached notice and consent form by first class mail. Potential opt-in plaintiffs will have 60 days within which to file their notices of consent to join this lawsuit. In the event that notification by mail fails to reach certain potential opt-in plaintiffs, plaintiff can seek approval from the court for additional means of communication.


OPINION

A. Content of Notice and Consent Form

Defendant raises four general objections to plaintiff's proposed notice and consent form and has attached "red-lined" versions of the documents showing its proposed changes. Plaintiff generally objects to defendant's rewriting of the proposed notice and points out that

the notice plaintiff submitted tracks the format of the Federal Judicial Center's model notice for FLSA collective actions.

First, defendant asserts that the notice describes the lawsuit inaccurately as being filed by numerous customer service representatives and fails to describe the specific nature of plaintiff's claims. Although plaintiff correctly notes that many of the specific changes proposed by defendant are unnecessary, I agree with the substance of defendant's concerns and have revised the first few paragraphs of the proposed notice to address them.

Second, defendant contends that the notice should contain a statement that "APAC denies plaintiff's allegations and has asserted various defenses to plaintiff's claims." Because plaintiff does not oppose this statement and there is no reason to exclude it, I have added it to the notice.

Third, defendant asserts that the following statement suggests that the court has endorsed the lawsuit: "A federal court authorized this notice. This is not a solicitation from a lawyer." Similarly, defendant argues that the title of paragraph 12—"How do I ask the court to include me in this case?"—implies that the court is encouraging potential class members to join the lawsuit. I disagree with defendant's objections to the first statement, but I agree that the title of paragraph 12 should be changed so as to not confuse potential class members of the court's role in this case.

Fourth, defendant notes that the proposed notice repeatedly advises potential class members of the ramifications of not joining the lawsuit and in the footer on each page, encourages them to contact plaintiff's counsel. Defendant argues that the language is coercive and does not respect an individual's personal choice to join the lawsuit. To address these concerns, defendant proposes deleting the footer and the table on the first page. Because plaintiffs' counsel is clearly listed in the notice, I will delete the footer. However, because I find the table to be a good summary of the rights of potential class members, it will remain in the notice. Finally, after considering the red-lined versions of the notice submitted by both parties, I have made some revisions to the notice in an effort to make it clearer and more concise.

Defendant's only objection to the proposed consent form is the following statement: "If this case does not proceed collectively, I also consent to join any subsequent action against APAC Customer Services, Inc. for unpaid wages and overtime." Because plaintiff agrees, I have deleted it. The final approved versions of the notice and consent form are attached to this order.

B. Other Issues

In January 2010, defendant asked that the opt-in period for potential class members be limited to 60 days, arguing that the proposed 90 days was unnecessary and would force

4

defendant to move for decertification of the collective action before the close of the opt-in period. It also requested that it be allowed to conduct discovery for at least an additional 60 days after the close of the opt-in period. I agree that a 60-day opt-in period for potential class members is sufficient. On March 26, 2010, the magistrate judge entered a preliminary pretrial conference order, which addresses defendant's discovery concern. Dkt. #77. Motions for class certification under Fed. R. Civ. P. 23 and for decertification of the FLSA class are due September 17, 2010, allowing defendant ample time for discovery after the close of the opt-in period for potential class members. Id. at 1.

Finally, defendant asks that plaintiff's written communications with potential class members be limited to sending the approved notice via United States mail on only one occasion. Defendant objects to plaintiff sending any cover letters, follow-up letters or reminder notices. It also seeks to prevent plaintiff from using a potential class member's telephone number unless and until that person has submitted a consent form. At this stage, I will grant defendant's request and limit plaintiff's contact with potential class members to the one-time mailing of the approved notice. If plaintiff has difficulty contacting potential class members, she may seek approval from the court for alternative means of communication. Plaintiff is not restricted from contacting individuals who opt in to the lawsuit.

5

ORDER

IT IS ORDERED that

1. Plaintiff Tiffany Sharpe is authorized to distribute the attached notice and consent form by first class mail to those individuals who fall within the class. Plaintiff may not otherwise contact potential class members without further approval from the court.

2. Potential opt-in plaintiffs will have 60 days from the mailing date of the notice within which to file notices of consent.

Entered this 29th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge