IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIFFANY SHARPE, individually, and on behalf
of all other similarly situated individuals
who consent to become Plaintiffs,

    Plaintiffs,

v.    Case No. 09 CV 329

APAC CUSTOMER SERVICES, INC.,

    Defendant.

## DECLARATION OF GEORGE A. HANSON IN SUPPORT OF PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION RESOLUTION

I, George A. Hanson, hereby declare as follows:

1. I am an attorney in the law firm of Stueve Siegel Hanson LLP and Class Counsel in this litigation. I submit this declaration in support of Plaintiffs' Motion and Memorandum in Support of Motion for Approval of FLSA Collective Action Resolution.

2. This resolution follows a significant investment of time and expense by the parties conducting discovery and preparing for trial. The parties have exchanged thousands of pages of documents, answered scores of interrogatories, and deposed the Named Plaintiff and many of the Current Opt-In Plaintiffs as well APAC's corporate representatives.

3. On October 9, 2009, Plaintiffs filed their Motion for Collective Action Certification and on January 11, 2010, the Court granted Plaintiffs' Motion.

4. Prior to issuing notice of the certified collective action, 23 individuals in addition to the Named Plaintiff have consented to join this litigation.

5. Following certification, the parties agreed to stay the case and mediate. The parties selected John Phillips of Husch Blackwell Sanders LLP as their mediator. Mr. Phillips is a nationally-renowned mediator well-versed in complex wage and hour cases. In advance of mediation, the parties exchanged additional information necessary to fully and fairly evaluate the claims of existing and putative class members, including information related to the size of the class, weeks worked by class members, the prevalence of overtime weeks, and class compensation data. The parties participated in a two-day mediation on March 9-10, 2010. Although the parties did not reach an agreement at the close of the mediation, negotiations continued over the next several weeks, and the parties reached a resolution.

6. The release required from the Current Opt-In Plaintiffs and Qualified Claimants to participate in the settlement is limited – not general – in nature. The amounts allocated to each of Current Opt-In Plaintiff and Qualified Claimant constitute consideration solely for the release of their FLSA claims they may have as a Customer Service Representative.

7. Plaintiffs' Counsel executed fee arrangements with the Named Plaintiff and Current Opt-In Plaintiffs that entitle Plaintiffs' Counsel to 35% of any recovery.

8. The proposed settlement brings substantial value to the certified Rule 216(b) class. On average, according to our estimate, after deduction of the requested attorneys' fees and costs, the net settlement will provide a payment that is equivalent to make-whole relief for an average of nearly 10 minutes per day of off-the-clock work for each week in which overtime was worked by the Named Plaintiff, Current Opt-In Plaintiffs, and Potential Opt-In Plaintiffs.

9. Stueve Siegel Hanson LLP has substantial experience in prosecuting large-scale wage and hour class and collective actions such as this, and routinely negotiates contingency fee compensation rates at or near 35%. *See* Stueve Siegel Hanson LLP Firm Resume, attached

hereto as Exhibit 1.  Co-counsel, Lear Werts LLP, is also experienced in wage and hour class and collective actions.  *See* Lear Werts LLP Firm Resume, attached hereto as Exhibit 2.

10. I have been the lead or co-lead counsel on over 70 wage and hour cases, and have developed substantial experience and expertise in the area of wage and hour law.  I am also a frequent speaker regarding wage and hour matters nationwide.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this June 7, 2010, at Kansas City, Missouri.

*[signature]*

George A. Hanson