IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIFFANY SHARPE, individually,
And on behalf of a class of others
similarly situated,

        Plaintiff,               ORDER

  v.                                        09-cv-329-wmc

APAC CUSTOMER SEVICES, INC.,

        Defendant.

---

This civil action involves a dispute under the Fair Labor Standards Act. The parties have reached a settlement and have sought the court's approval of that settlement. Approval was granted for the most part on June 16, 2010. Dkt. #89. The court did, however, reserve ruling on plaintiff's counsel's request for attorneys' fees and costs in an amount representing thirty-three percent of the total claim fund, which amounts to $1,320,000. On August 5, 2010, the parties filed a joint status report informing the court that they had instructed the settlement administrator to withhold issuing notice of settlement to class members until the court rules on the requested attorneys' fees and costs. Dkt. #97. Based on the information provided by the parties, the court now approves attorneys' fees and costs to class counsel as follows: (1) an amount representing twenty-five percent of the total claim fund ($1,000,000); (2) actual expenses ($130,953.98); and (3) four percent of the amount paid out of the total claim fund to any class member.

There are three reasons for this decision. First, while this matter required substantial lawyering, the case never went much beyond initial discovery. In particular, class counsel was never required to brief and support a motion for anything more than conditional class certification under FLSA, nor to seek or oppose a motion for summary judgment. Second, seeking approximately $1000 per hour for attorney time, while not outrageous, is sufficiently high that it may exceed a reasonable multiple associated with actual risks in pursuing this particular litigation. At least class counsel has failed at this point to provide the court with its customary hourly rates or to justify a multiple. Third, and most importantly, the structured settlement here has the real possibility of rewarding class counsel handsomely, while minimizing the defendant company's exposure, and yet providing a very limited pay-out to class members who opt-in. Accordingly, the court has tied a relatively small amount (less than 14%) of the fee award to the amounts actually paid out to class members as a result of counsel's work.

If plaintiff's counsel believes that the court's decision provides adequate compensation, the parties may proceed under the settlement agreement. Otherwise, the court will continue to reserve ruling on attorneys' fees and costs and this matter may proceed as scheduled.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge